1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  DANNY F. ATTERBURY,                    )    No. C 11-2387 LHK (PR)
                                           )
12              Plaintiff,                 )    ORDER OF SERVICE;
                                           )    DIRECTING DEFENDANT TO
13        v.                               )    FILE DISPOSITIVE MOTION
                                           )    OR NOTICE REGARDING
14  DENISE DALY,                           )    SUCH MOTION
                                           )
15              Defendant.                 )
    _____    )

16        Plaintiff, a former civil detainee at Napa State Hospital ("NSH"), proceeding *pro se*, filed

17  a civil rights complaint pursuant to 42 U.S.C. § 1983.  On June 7, 2011, the Court dismissed

18  Plaintiff's complaint, noting several deficiencies, and directed Plaintiff to file an amended

19  complaint.  On June 20, 2011, Plaintiff filed his amended complaint.  For the reasons stated

20  below, the Court serves Plaintiff's amended complaint on Defendant.

21                                  **DISCUSSION**

22  A.    Standard of Review

23        A federal court must conduct a preliminary screening in any case in which a prisoner

24  seeks redress from a governmental entity or officer or employee of a governmental entity.  *See*

25  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

26  any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

27  seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.

28  § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v.*

1 | *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2 |     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3 | (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4 | the alleged violation was committed by a person acting under the color of state law. *See West v.*

5 | *Atkins*, 487 U.S. 42, 48 (1988).

6 | B.   <u>Legal Claims</u>

7 |     In Plaintiff's original complaint, he alleged that Denise Daly directed NSH not to release

8 | him until he provided a DNA sample, even after he was ordered released by the Superior Court.

9 | Plaintiff asserted that she did so in retaliation for filing complaints.  Plaintiff also asserted that

10 | Daly's failure to follow proper procedures violated the Eighth and Fourteenth Amendments.  The

11 | Court found that he raised a cognizable claim of retaliation.  The Court further noted that

12 | Plaintiff's allegations of a violation of the Eighth and Fourteenth Amendments were unsupported

13 | by plausible facts and dismissed the Eighth Amendment claim with leave to amend.  The Court

14 | dismissed the Fourteenth Amendment claim without leave to amend because it was

15 | inappropriate. *See Hamilton v. Brown*, 630 F.3d 889, 896 (9th Cir. 2011); *Graham v. Connor*,

16 | 490 U.S. 386, 394-95 (1989) (holding that where a claim can be analyzed under "an explicit

17 | textual source" of rights in the Constitution, a court may not also assess the claim under another

18 | "more generalized source.").

19 |     In Plaintiff's amended complaint, he repeats his bald assertions of an Eighth Amendment

20 | claim, but does not provide any supportive facts.  The Eighth Amendment's prohibition on cruel

21 | and unusual punishment is not violated by the use of reasonable force to take a blood sample

22 | from a prisoner for DNA testing. *See Hamilton*, 630 F.3d at 897.  However, Plaintiff asserts that

23 | he is not a prisoner, but a former civil detainee.  Non-consensual extraction of blood implicates

24 | the Fourth Amendment's protection against unreasonable searches and seizures. *See Skinner v.*

25 | *Railway Labor Executives' Ass'n*, 489 U.S. 602, 616 (1989).

26 |     Liberally construed, Plaintiff has stated a cognizable claim of retaliation, as well as a

27 | claim of an unreasonable search and seizure under the Fourth Amendment.

28 |     Finally, Plaintiff repeats his request that this Court take jurisdiction over his state law

claims, however, that request is denied because he does not allege any state law violations.

## CONCLUSION

1.      The Clerk shall issue a summons, and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter (docket no. 4), all attachments thereto, and copies of this order on **Denise Daly** at the **Napa State Hospital.**  The Clerk shall also serve a copy of this order on Plaintiff and mail a courtesy copy of the amended complaint to the California Attorney General's Office.

2.      No later than **ninety (90) days** from the date of this order, Defendant shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims found in the amended complaint.

a.      If Defendant elects to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

b.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the Court prior to the date the summary judgment motion is due.**

3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendant's motion is filed.

a.      In the event Defendant files an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted, and the case dismissed.

        b.     In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

    4.     Defendant <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

    5.     The motion shall be deemed submitted as of the date the reply brief is due.  No

1    hearing will be held on the motion unless the court so orders at a later date.

2           6.     All communications by the Plaintiff with the Court must be served on Defendant,

3    or Defendant's counsel once counsel has been designated, by mailing a true copy of the

4    document to Defendant or Defendant's counsel.

5           7.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

6    No further Court order is required before the parties may conduct discovery.

7           For Plaintiff's information, the proper manner of promulgating discovery is to send

8    demands for documents or interrogatories (for example, questions asking for specific, factual

9    responses) directly to Defendants' counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is

10   limited to matters "relevant to the claim or defense of any party . . ."  *See* Fed. R. Civ. P.

11   26(b)(1).  Discovery may be further limited by Court order if "(i) the discovery sought is

12   unreasonably cumulative or duplicative, or is obtainable from some other source that is more

13   convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

14   opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

15   expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  In

16   order to comply with the requirements of Rule 26, before deciding to promulgate discovery

17   Plaintiff may find it to his benefit to wait until Defendant has filed a dispositive motion which

18   could include some or all of the discovery Plaintiff might seek.  In addition, no motion to compel

19   will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and

20   N.D. Cal. Local Rule 37-1 has been satisfied.

21          8.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

22   and all parties informed of any change of address and must comply with the Court's orders in a

23   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

24   pursuant to Federal Rule of Civil Procedure 41(b).

25          IT IS SO ORDERED.

26   DATED:   7/29/11

27                                                    LUCY H. KOH
                                                      United States District Judge
28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.11\Atterbury387srv.wpd        5