```
                                                    FILED
                                                   JUL 16 2012
                                                 RICHARD W. WIEKING
                                              CLERK, U.S. DISTRICT COURT
                                            NORTHERN DISTRICT OF CALIFORNIA
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY F. ATTERBURY,<br><br>  Plaintiff,<br><br>  v.<br><br>DENISE DALY,<br><br>  Defendant. | No. C 11-2387 LHK (PR)<br><br>ORDER PROVIDING PLAINTIFF NOTICE AND WARNING; SCHEDULING SUPPLEMENTAL BRIEFING |

    Plaintiff, proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Defendant has filed a motion for summary judgment. Pursuant to *Woods v. Carey*, No. 09-15548, slip op. 7871, 7884-85 (9th Cir. July 6, 2012), Plaintiff must read the following "NOTICE -- WARNING (SUMMARY JUDGMENT)," which is provided to him for a second time pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

### NOTICE -- WARNING
### (SUMMARY JUDGMENT)

    If Defendant moves for summary judgment, she is seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

    Rule 56 tells you what you must do in order to oppose a motion for summary judgment.

1  Generally, summary judgment must be granted when there is no genuine issue of material fact –
2  that is, if there is no real dispute about any fact that would affect the result of your case, the party
3  who asked for summary judgment is entitled to judgment as a matter of law, which will end your
4  case.  When a party you are suing makes a motion for summary judgment that is properly
5  supported by declarations (or other sworn testimony), you cannot simply rely on what your
6  complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to
7  interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts
8  shown in the Defendant's declarations and documents and show that there is a genuine issue of
9  material fact for trial.  If you do not submit your own evidence in opposition, summary
10 judgment, if appropriate, may be entered against you.  If summary judgment is granted, your
11 case will be dismissed and there will be no trial.

12     Because Plaintiff already has filed an opposition to the pending motion for summary
13 judgment in this case, he may file a supplemental opposition within 14 days of the filing date of
14 this order.  Defendant shall file a supplemental reply to any supplemental opposition within 7
15 days thereafter.

16     IT IS SO ORDERED.
17 DATED: 7/16/12

        *Lucy H. Koh*
        LUCY H. KOH
        United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DANNY F. ATTERBURY,

        Plaintiff,

v.

DENISE DALY et al,

        Defendant.

Case Number: CV11-02387 LHK

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 16, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Danny F. Atterbury
P.O. Box 6151
Napa, CA 94581

Dated: July 16, 2012

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk